UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**REYNYER AGUILERA,**
            Petitioner,

         v.                                   Case No. 15-20406-CIV-GAYLES/WHITE

**JULIE L. JONES,** *Secretary, Florida Department of Corrections*,
            Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on Magistrate Judge Patrick A. White's Supplemental Report of Magistrate Judge ("Report") [ECF No. 25] entered on January 13, 2016. Petitioner Reynyer Aguilera, *pro se*, filed a Petition for Writ of Habeas Corpus with the Court on February 3, 2015 [ECF No. 1] ("Petition"). The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. Judge White's Report recommends (1) that the Court deny the Petition for Writ of Habeas Corpus and (2) that a certificate of appealability be denied. *See* Report at 31. The Petitioner has timely filed objections to the Report. [ECF No. 29].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters,*

*L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Petitioner has provided specific objections to only two of the Report's findings: (1) that Florida's "10-20-life" statute, Fla. Stat. § 775.087,[1] does not provide for a mandatory minimum sentence when a defendant discharges a firearm during the commission of manslaughter; and (2) that manslaughter is reclassified to a first-degree felony under the 10-20-life statute and is punishable by thirty years' imprisonment. This Court, having conducted a *de novo* review of the record regarding these objections, concludes that the Petitioner merely asserts arguments already thoroughly considered and addressed in Judge White's well-reasoned Report. The Court also finds no clear error in the remainder of Judge White's analysis or recommendations.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)  Judge White's Supplemental Report and Recommendation [ECF No. 25] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2)  the Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**;

(3)  no certificate of appealability shall issue; and

(4)  this case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of February, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] A provision of the 10-20-life statute not affecting the outcome of this Petition was just recently repealed by the Florida Legislature, effective July 1, 2016. *See* 2016 Fla. Sess. Law Serv. Ch. 2016-7 (C.S.S.B. 228) (West) (Feb. 24, 2016) (providing for the removal of aggravated assault from the list of convictions which carry a minimum term of imprisonment if during the commission of the offense the convicted person possessed a firearm or destructive device).